B25A (Official Form 25A) (12/08)

# United States Bankruptcy Court
## Middle District of Florida
## Jacksonville Division

In re
Mt. Calvary Missionary Baptist
Church of Jacksonville, Inc
   Debtor

Case No. 3:08-bk-00314-JAF

Small Business Case under Chapter 11

## MT. CALVARY MISSIONARY BAPTIST CHURCH OF JACKSONVILLE, INC.'S PLAN OF REORGANIZATION, DATED JUNE 25, 2009

### ARTICLE I
### SUMMARY

  This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Mt. Calvary Missionary Baptist Church of Jacksonville, Inc. (the "Debtor") from future income. This Plan provides for three classes of secured claims; one class of unsecured claims; and no classes of equity security holders. Unsecured creditors holding allowed claims will not receive any distributions. This Plan also provides for the payment of administrative and priority claims. The priority claim of the Internal Revenue Service shall be paid in full, with interest, on or before January 28, 2013, as required by law and as more fully set forth below.
  All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

  2.01 <u>Class 1</u>. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

  2.02 <u>Class 2</u>. The claim of <u>James C. Mize, trustee</u>, to the extent allowed as a secured claim under § 506 of the Code.

  2.02 <u>Class 3</u>. The claim of <u>Church Mortgage and Loan Company</u>, to the extent allowed as a secured claim under § 506 of the Code.

**B25A (Official Form 25A) (12/08) - Cont.** 2

    2.02    <u>Class 4</u>.    The claim of <u>Q. C. Management, Inc</u>, to the extent allowed as a secured claim under § 506 of the Code.

    2.03    <u>Class 5</u>.    All unsecured claims allowed under § 502 of the Code.

**ARTICLE III**
**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,**
**U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS**

    3.01    <u>Unclassified Claims</u>. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

    3.02    <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

    3.03    <u>Priority Tax Claims</u>. Each holder of a priority tax claim will be paid with 5% interest in 36 equal payments commencing on the 30th day after the effective date of this Plan..

    3.04    <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

**ARTICLE IV**
**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

    4.01    Claims and interests shall be treated as follows under this Plan:

**B25A (Official Form 25A) (12/08) - Cont.**                                3

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority Claims | N/A | There are no priority claims, except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8), which are dealt with in paragraphs 3.02 and 3.03. |
| Class 2 – Secured Claim of James C. Mize, trustee | impaired | The balance owed shall be paid at the rate of $27,000.00 per month, as more fully set forth in Article VII of this Plan. |
| Class 3 – Secured Claim of Church Mortgage | impaired | The Debtor believes the value of the Debtor's real property is less than the amount due on the first mortgage owed to James C. Mize, trustee. The Debtor has filed or will file an adversary proceeding to determine that the claim of Church Mortgage and Loan Corporation is unsecured and to strip its lien. |
| Class 4 – Secured Claim of QC Management, Inc | impaired | The Debtor believes the value of the Debtor's real property is less than the amount due on the first mortgage owed to James C. Mize, trustee. The Debtor has filed or will file an adversary proceeding to determine that the claim of QC Management, Inc is unsecured and to strip its lien. |
| Class 5 - General Unsecured Creditors | impaired | Unsecured creditors will receive no distribution under this Plan. |
| Class 6 - Equity Security Holders of the Debtor | N/A | The Debtor is a Church and has no equity security holders. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

     5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**B25A (Official Form 25A) (12/08) - Cont.**                                                                  4

      5.02   <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

      5.03   <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**ARTICLE VI**
**PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

      6.01   <u>Assumed Executory Contracts and Unexpired Leases</u>.

        (a)   The Debtor has no executory contracts.

**ARTICLE VII**
**MEANS FOR IMPLEMENTATION OF THE PLAN**

      The Debtor is a church which derives its income from contributions and tithes from its members. All monies to fund this Plan will be paid from this income.

      The Debtor and its first mortgage holder, James C. Mize, trustee have reached an agreement which will modify the first mortgage on the Debtor's church property. This mortgage secures church bonds and had a balance due of $3,449,059.17 on the date of commencement. The terms of this agreement are as follows.

**Reissued Bonds:** All bondholders shall relinquish the current bonds and receive reissued bonds at a set simple interest rate with a 5 year balloon. The face amount of reissued bonds will be derived by calculating existing bond value on December 20, 2008. Bondholders will then be paid a pro rata share of the receipts minus expenses every 6 months.

**Trust Company Fees:** Annual fees for a trust company and trustee annual fees will be deducted on a monthly basis from any payment made by church.

**Pastor's Salary:** Pastor Newman will receive his salary each month only after the mortgage payment is made. Any portion of the Pastor's salary that is not paid by the last day of the month will be forfeited and not be carried forward as an amount due as any portion of salary paid the following month will impede the church's ability to make the following month's mortgage payment.

**Taxes:** The Church is required to submit to the trustee on a quarterly basis a certification that property insurance is being maintained and payments are current, that all 941 taxes which are

**B25A (Official Form 25A) (12/08) - Cont.**  5

due have been paid and no liens have attached to the property to the trustee on a quarterly basis. Failure to submit certification to trustee or failure to comply with requirements will be considered a default under the confirmation plan.

**Default:** Church will have 10 days after notice of default to cure any default. If default is not cured within 10 days, trustee can immediately get a judgment of foreclosure.

**Interest and Payments:** Bonds will be set at a simple interest rate of 7.5%. The Church will pay $27,000 per month which from which a trust company fee of $1,235 will be deducted and the remaining $25,765 will be first applied to interest and then to principal. The Church will pay a 5% late fee on any payments not received on or before due date which late fee will attach without notice.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01  Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02  Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03  Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04  Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05  Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06  Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

...

**B25A (Official Form 25A) (12/08) - Cont.**                                                          6

[8.07   <u>Corporate Governance</u>.  The Debtor is a non-profit corporation and prohibited by law from issuing any securities.  The Debtor's charter does not need to be amended to prohibit the issuance of non voting securities to comply with 11 USC § 1123(a)(6).

## ARTICLE IX
## DISCHARGE

<u>Discharge.</u>  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Respectfully submitted,

By: _____
Rehan N. Khawaja, Esquire
Florida Bar No. 0064025
Bankruptcy Law Offices of Rehan Khawaja
817 North Main Street
Jacksonville, FL 32202
904-358-5-8055
Attorney for Debtor